# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CHRISTOPHER SEGADE,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>TIMOTHY BUSBY, Warden,<br><br>　　　　Respondent. | NO. EDCV 11-655-DSF (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On April 26, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***June 1, 2011***, why the Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///
///
///

## I.

## PROCEDURAL BACKGROUND

On September 20, 2005, Petitioner was convicted of multiple counts of lewd and lascivious acts upon a child under the age of 14, forcible sodomy and oral copulation on a child under 18 years of age. (Petition at 2 & Appendix 1.) On December 28, 2006, the California Court of Appeal affirmed the judgment. (Petition at 3 & Appendix 5.) On June 11, 2008, the California Supreme Court granted the petition and ordered the Court of Appeal to vacate its decision and reconsider the case in light of *People v. Black*, 41 Cal. 4th 799 (2007) and *People v. Sandoval*, 41 Cal. 4th 825 (2007). *People v. Segade*, 2008 Cal. LEXIS 6856 (June 11, 2008). After remand, on October 7, 2008, the California Court of Appeal issued a decision affirming the judgment. (Appendix 8 to Petition.) On December 10, 2008, the California Supreme Court denied the petition for review. (Petition at 3 & Appendix 10.)

On March 8, 2010, Petitioner constructively filed a petition for writ of habeas corpus in Riverside County Superior Court. (Petition at 4.) On March 11, 2010, the petition was denied. (Appendix 11 to Petition.) On May 6, 2010, Petitioner constructively filed a petition for writ of habeas corpus in the California Court of Appeal. (Petition at 4.) On May 21, 2010, the petition was denied. (Appendix 12 to Petition.) On July 13, 2010, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court. (Petition at 4.) On March 2, 2011, the petition was denied. (Appendix 14 to Petition.)

On April 13, 2011, Petitioner signed and mailed the Petition to this Court. (Petition at 9 & Proof of Service.)

## II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA

in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

The California Supreme Court denied the petition for review on December 10, 2008.  (Petition at 3 & Appendix 10.)  The conviction became final ninety days later on March 10, 2009.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The statute of limitations expired one year later on March 10, 2010 unless the statute of limitations was tolled.

### B. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed because there is no case "pending" during that interval.  *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

Petitioner constructively filed his first state habeas petition in Riverside County Superior Court on March 8, 2010.  At that point, only two days remained in the limitations period.  The Court assumes that the statute of limitations was tolled for the entire period from March 8, 2010 until March 2, 2011, when the California Supreme Court denied his state habeas petition.  (Appendix 14 to Petition.)  The limitations period expired two days later on March 4, 2011.  Petitioner constructively filed the Petition in this court on April 13, 2011, 40 days

too late. (Petition at 9 & Proof of Service.)  Absent equitable tolling, the Petition is time-barred.

**C.   Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted; emphasis in original).

The Petition does not provide any basis for equitable tolling.

**D.   The *Cunningham* Decision**

It appears from the Petition that Petitioner may argue Grounds Seven and Eight are not barred by the statute of limitations based on the United States Supreme Court's decision on January 22, 2007 in *Cunningham v. California*, 549 U.S. 270, 275, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

The statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343

4

1  (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[1]
2  that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

>  The limitation period shall run from the latest of -
>
>  * * *
>
>  (3) the date on which the right asserted was initially recognized by
>  the Supreme Court, if that right has been newly recognized by the
>  Supreme Court and made retroactively applicable to cases on
>  collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[2] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

The Supreme Court decided *Cunningham* on January 22, 2007. The Supreme Court has not recognized *Cunningham* as a new rule. The Ninth Circuit has held that *Cunningham* did not announce a new rule. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The Ninth Circuit interpreted *Cunningham* as "simply appl[ying] the rule of *Blakely* to a distinct but closely analogous state sentencing scheme." *Id.* at 636. The *Cunningham* decision does not provide an alternative start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(C). Moreover, the Petition would be untimely even if § 2244(d)(1)(C) were applicable.

///
///
///

---

[1] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[2] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before *June 1, 2011*, Petitioner shall show cause, if there be any, why the Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why the Petition is not barred by the statute of limitations.

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the Petition with prejudice based on expiration of the one-year statute of limitations.*

DATED: May 6, 2011

　　　　　　　　　　　　　　　　　/s/ Alicia G. Rosenberg
　　　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　　　United States Magistrate Judge